UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **JACKSON NATIONAL LIFE** | |
| **INSURANCE COMPANY** | **PLAINTIFF** |
| | |
| v. | **CASE NO. 4:10cv01076 BSM** |
| | |
| **TRACY LEE WINTERS, KELLY** | |
| **LEE WINTERS, MARCY LEE WINTERS** | |
| **FIELDER, IRMA JEAN SHOFFNER, and** | |
| **JIM S. GOWEN, SR. or His Successor,** | |
| **Chairman, Merchants and Planters Bank** | |
| **of Newport** | **DEFENDANTS** |
| | |
| **IRMA JEAN SHOFFNER** | **COUNTER CLAIMANT** |
| | |
| v. | |
| | |
| **JACKSON NATIONAL LIFE** | |
| **INSURANCE COMPANY** | **COUNTER DEFENDANT** |

## ORDER

Separate defendant and counter claimant Irma Jean Shoffner ("Shoffner") moves to remand to the Faulkner County Circuit Court. [Doc. No. 13]. Plaintiff and counter-defendant Jackson National Life Insurance Company ("Jackson National") objects. [Doc. No. 18]. For the reasons stated below, the motion is granted.

Jackson National filed a complaint for interpleader in Faulkner County Circuit Court on July 28, 2009, seeking to determine the proper recipient of the proceeds from three annuity policies. On July 13, 2010, Shoffner counterclaimed alleging negligence, breach of contract and statutory penalties under Ark. Code Ann. § 23-79-208. A notice of removal was

filed by Jackson National on July 27, 2010.

In her motion to remand, Shoffner asserts that Jackson National is not a "defendant" within the meaning of 28 U.S.C. § 1441, because it is a counter-defendant and not a defendant. She points out that courts have distinguished between defendants and counter-defendants and that defendants may remove cases to federal court, while counter-defendants may not.

Jackson National responds that although it is a counter-defendant, its unique role as an interpleader plaintiff allows it to now remove the action. According to Jackson National, an interpleader plaintiff is a nominal plaintiff because it has no interest in the outcome of the litigation. Once Shoffner filed her counterclaim, Jackson National became a stakeholder in the outcome of the litigation. Jackson National asserts that while it is technically a counter-defendant, its situation is that of defendant. This allows it to remove the action to federal court.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . " In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), the United States Supreme Court held that plaintiffs are specifically prohibited from removing actions. Interestingly, the petitioner in *Shamrock*, a plaintiff and counter-defendant that originally removed the action, argued that it was a nominal plaintiff and "in point of substance a defendant" in the counterclaim. *Id*. at 104. Addressing this argument, the Court maintained that the characterization of parties or the

subject matter of the suit is unimportant. *Id.* The Court affirmed the Fifth Circuit Court of Appeals decision to remand the case to state court because the petitioner was not a defendant. Although Jackson National's argument is compelling, it is not a defendant and therefore has no right to remove this action.

Accordingly, Shoffner's motion to remand [Doc. No. 13] is granted and this case is remanded to the Faulkner County Circuit Court. Shoffner's request for attorney's fees and costs is denied.

IT IS SO ORDERED this 24th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE